UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
    DOUGLAS ANTONIO JURADO,

         Plaintiff,

     - against -

    BISBAS GOURMET DELI INC., AHMED
    ALAWDI, also known as Ahmed Abdullah
    Alawdi, and ZEYAD ALAWDI,

         Defendants.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

23-cv-5175 (BMC)

**COGAN**, District Judge.

This Fair Labor Standards Act and New York Labor Law case is before the Court on plaintiff's motion for a default judgment. Defendants have failed to timely appear, and the Clerk of Court has noted their default under Fed. R. Civ. P. 55(a). The motion is granted to the extent set forth below.

The complaint and plaintiff's affidavit in support of the motion allege that plaintiff worked at defendants' deli and grocery store from July 2018 to approximately October 2021. He made sandwiches and other hot prepared foods along with stocking and ordering inventory, cleaning, and sales. The individual defendants owned, operated or controlled the store, and set plaintiff's pay rate and schedule. The complaint alleges that the store had gross sales in excess of $500,000 and the motion sets forth plaintiff's personal observations as the basis for that conclusion. Many if not most of the products sold had traveled in interstate commerce, again based on plaintiff's own observations of those products.

Plaintiff typically worked seven days a week from 7:00 a.m. to sometime between 7:00 p.m. and 9:00 p.m. on Mondays through Saturdays and Sundays from 7:00 a.m. until between 5:00 p.m. and 6:00 p.m.  His personal recollection is that he worked an average of 84 hours per week. However, during the pandemic, he worked even more – 7:00 a.m. to between 11:00 p.m. and 12:00 a.m., except for one week when the store had to close at 8:00 p.m. due to the pandemic curfew and another week when the store had to close entirely.  For this work, plaintiff was paid a flat daily rate of $100 with no premium for overtime and no spread-of-hours payments. He was paid in cash only and not provided with any paystubs, although he observed defendants tracking pay and other financial transactions in a notebook in Arabic.

It is hornbook law that on a motion for default judgment, the well-pleaded allegations of the complaint pertaining to liability are accepted as true.  See, e.g., Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).  In the instant case, the complaint's allegations are sufficient to establish liability under the FLSA and NYLL.

A defendant's default does not constitute an admission as to the damages claimed in the complaint.  See Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009).  The burden is on the plaintiff to establish, by a reasonable certainty, an entitlement to the relief requested.  See Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); Greyhound Exhibitgroup, 973 F.2d at 158.  To determine damages, the Court may conduct an inquest, see Fed. R. Civ. P. 55(b)(2), or it may rely upon the affidavits and other documentary evidence provided by the plaintiff, obviating the need for a hearing on damages, see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997).

There is no need for an inquest here.  Plaintiff's counsel has done an excellent job of calculating the elements of the damages that plaintiff is seeking. Those calculations show

$129,467.50 in unpaid wages and overtime (taking into account changes in the minimum wage under New York during the period of employment); unpaid spread-of-hours payments of $14,595 (12 N.Y.C.R.R. § 146-1.6); and liquidated damages of $144,062.50, which is the sum of the unpaid wages and overtime and the spread-of-hours payments.

There are two claimed items of damages which I will not allow. First, plaintiff claims $10,000 in statutory damages for failure to provide notices and statements required by NYLL §§ 195, 198(1-b), and 198(1-d). That claim is denied because he lacks standing under Article III of the Constitution to maintain those claims in federal court. See Deng v. Frequency Electronics, Inc., 650 F. Supp. 3d 255, 264-67 (E.D.N.Y. 2022). Those claims are dismissed without prejudice to bringing them in state court. Second, I decline to award prejudgment interest on the unpaid wage claims, especially at the New York statutory rate of 9%, as that would be draconian in light of the award of liquidated damages, which are sufficient to compensate plaintiff for the loss of use of the money. See Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 92 (E.D.N.Y. 2012).

In addition, plaintiff requests that the judgment provide that if it remains unpaid for ninety days, then it shall automatically increase by 15% pursuant to NYLL § 198(4). However, once a federal judgment has been entered, all claims, state and federal, are merged into it, and any state court provisions addressed to the judgment no longer apply. For example, any post-judgment interest will accrue at the much lower federal rate, see 28 U.S.C. § 1961, not the rate under N.Y. C.P.L.R. § 5004 of 9%. See Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 102 (2d Cir. 2010); Cappiello v. ICD Publ'ns, 868 F. Supp. 2d 55, 59-60 (E.D.N.Y. 2012). Plaintiff could have brought this action in state court and obtained even more relief than is available under the FLSA, such as his wage notice and wage statement claims. But he chose to bring it in federal

3

court, and the resultant judgment will be treated like any other federal judgment. See Bello v. Pro-Line Pumping Corp., No. 22-cv-4081, 2023 WL 8260830, at *10 (E.D.N.Y. June 20, 2023); Quesada v. Hong Kong Kitchen Inc., No. 20-cv-5639, 2021 WL 861800, at *2 (E.D.N.Y. March 8, 2021).

Plaintiff's claim for attorneys' fees of $3000 for 8 hours work computed at $375 per hour is more than reasonable given the substantial experience of plaintiff's attorney in wage litigation and the high quality of the work in the case. The rate is well within the range regularly awarded in this district to plaintiffs' counsel in wage litigation and 8 hours is efficient. The claim for $637 in disbursements is also reasonable.

Accordingly, the motion for a default judgment is granted to the extent set forth above. The Clerk is directed to enter judgment in favor of plaintiff and against defendants, jointly and severally, for $144,062.50 in unpaid wages and spread of hours premium, $144,062.50 in liquidated damages, $3000 in attorneys' fees, and $637 in disbursements, for a total of $291,762.00.

**SO ORDERED.**

*Brian M. Cogan*

U.S.D.J.

Dated: Brooklyn, New York
      February 18, 2024